UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UN4 PRODUCTIONS, INC.,

    Plaintiff,

    v.

CLINT PRIMOZICH, *et al.*,

    Defendants.

Case No. C17-1404RSL

ORDER DENYING MOTION TO DISMISS

This matter comes before the Court on defendant Crystal Ward's motion to dismiss. Dkt. # 36. Defendant states that she is computer illiterate, has never downloaded a movie in her life, and had never heard of *Boyka Undisputed 4* until she was served with summons in this matter. Ms. Ward's statements were not made under penalty of perjury, however, and are therefore not admissible as evidence in their present form.

The question for the Court on a motion to dismiss is whether the facts in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a

ORDER DENYING MOTION TO DISMISS - 1

complaint pleads facts that are merely consistent with a defendant's
liability, it stops short of the line between possibility and plausibility of
entitlement to relief. Nor is it enough that the complaint is factually neutral;
rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). For purposes of a motion to dismiss, all well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558. A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory or (ii) insufficient facts under a cognizable legal claim. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Plaintiff alleges that Ms. Ward is a Comcast customer who was assigned an IP address that was used to download all or part of plaintiff's copyrighted work.[1] While it is true that plaintiff's allegation that each of the named defendants "copied and distributed Plaintiff's copyrighted motion picture" (Dkt. # 10 at ¶ 10) is merely a formulaic recitation of an element of plaintiff's direct infringement claim, plaintiff has made specific factual allegations in support of that assertion, such as:

- that Comcast identified Ms. Ward as the subscriber to whom a specific IP address was assigned during the relevant time period (Id. at ¶¶ 10-11);

- that the "IP address was observed infringing Plaintiff's motion picture at that time" (Id. at ¶ 24);

---

[1] Ms. Ward denies that she downloaded plaintiff's copyrighted work. On a motion to dismiss, however, the Court must accept all properly alleged facts as true. If Ms. Ward intends to challenge the truth of the allegations of the complaint, the procedural mechanism for such a challenge is a motion for summary judgment under Fed. R. Civ. P. 56. In the context of a motion for summary judgment, Ms. Ward may submit a declaration, signed under penalty of perjury, stating relevant facts of which she has personal knowledge.

ORDER DENYING MOTION TO DISMISS - 2

- that the download of *Boyka Undisputed 4* was not an isolated infringement, but rather one instance of significant BitTorrent activity in which Ms. Ward' IP address participated during the relevant period (Id. at ¶ 12);

- that the materials shared and downloaded would not be of interest to a child (Id.); and

- that the physical location and layout of Ms. Ward's residence makes it unlikely that her IP address was hijacked by a neighbor or passerby (Id. at ¶ 14).[2]

These allegations render some of the other plausible explanations for the infringing use of the IP address less likely. Plaintiff has alleged facts indicating that Ms. Ward is not in a location where strangers could connect to her server, that the BitTorrent activity was continuous enough that it was not the work of an occasional or transient guest, that it is unlikely that a child in the residence was responsible for the download, and that the use of the IP address for infringing activity was extensive enough that an inference of knowledge and permission arises. All of these facts, added to Ms. Ward' ownership of the account, raise a plausible inference that she is the person who engaged in copyright infringement. Plaintiff may be wrong – but it is not required to prove its allegations in order to adequately plead a claim of infringement under Twombly.

//

//

---

[2] The Court has ignored allegations that do not apply to all defendants and have not been specifically asserted against Ms. Ward, such as the allegations that, in certain instances, BitTorrent activity ceased when the subscriber received a notice from the ISP and that, in some instances, plaintiff performed social media and database investigations in an attempt to link the subscriber to the download.

For all of the foregoing reasons, Ms. Ward' motion to dismiss (Dkt. # 36) is DENIED.

Dated this 4th day of May, 2018.

*MMS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO DISMISS - 4